1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

| | |
|---|---|
| JAMES E. WHITE,<br><br>                    Plaintiff,<br><br>     v.<br><br>MARK N. PAZIN, et al.,<br><br>                    Defendants. | )  1:12-cv-00917-BAM (PC)<br>)<br>)  ORDER DISMISSING ACTION FOR<br>)  FAILURE TO STATE A CLAIM WITH<br>)  LEAVE TO AMEND<br>)  (ECF No. 1)<br>)<br>)<br>)<br>) |

9
10
11
12
13
14

**I.   Screening Requirement and Standard**

15

Plaintiff James E. White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis.  Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 6, 2012.  Plaintiff's complaint is currently before the Court for screening.

16
17
18

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

19
20
21
22
23
24

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

25
26
27
28

1  1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

2  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

3  unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

4  (internal quotation marks and citation omitted).

5        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

6  liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

7  342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

8  plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

9  named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

10  (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The

11  sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with

12  liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at

13  1949 (quotation marks omitted); Moss, 572 F.3d at 969.

14  **II.    Plaintiff's Complaint**

15        **A.   Summary of Allegations**

16        Plaintiff is currently housed at Corcoran State Prison.  The events alleged in Plaintiff's

17  complaint occurred while he was a pre-trial detainee housed in the Merced County Jail.  Plaintiff

18  names the following Defendants: (1) Mark N. Pazin, Sheriff/Coroner; (2) Merced County

19  Sheriff's Department; (3) Under Sheriff Blake; (4) Under Sheriff Tom Cavallero; (5)

20  Commander Joe Scott, Merced County Sheriff's Department; (6) Commander Thoreson, Merced

21  County Sheriff's Department; and (7) Sergeant Blodgett, Merced County Sheriff's Department.

22        Plaintiff alleges as follows:  In 2007, Plaintiff learned that the Merced County Jail

23  prohibited children under the age of 12 years old from visitation.  Approximately two years later,

24  on January 26, 2009, Superior Court Judge Carol Ash approved Plaintiff's visitation with his

25  minor children unless an emergency situation arose.  On July 23, 2010, Plaintiff submitted a

26  grievance requesting a copy of the jail's rules and regulations.

27        On December 29, 2010, Plaintiff sought a writ of habeas corpus for visitation with his

28  minor children.

On March 23, 2011, Plaintiff submitted a grievance regarding the rule barring pretrial detainees from visitation with their minor children.  (ECF No. 1, p. 47.)  On March 23, 2011, jail staff responded to Plaintiff's grievance regarding a jail rule stating, "No minor under the age of 12 will be allowed to visit." Staff instructed Plaintiff to obtain a current court order so that his request could be reconsidered.  (ECF No. 1, p. 45.)

On April 7, 2011, Plaintiff submitted another grievance regarding his right of visitation with his minor children.  (ECF No. 1, p. 49.)

On April 11, 2011, Judge Ash issued another court order stating that Plaintiff could have visits with his minor children while in the county jail.  (ECF No. 1, p. 46.)

Plaintiff claims that the jail's rules required visitors to be at least 18 years of age, but that California regulations permit visitation with minor children under the age of 17 accompanied by a legal guardian.  Plaintiff alleges that these rights were violated by Under Sheriff Blake.

Plaintiff was convicted on May 31, 2011.

Plaintiff's petition for writ of habeas corpus was denied on June 15, 2011, for failure to exhaust administrative remedies.  (ECF No. 1, p. 51.)

According to a portion of the jail manual, as of July 1, 2011, the jail required a parent or legal guardian to accompany visitors under the age of 17.  (ECF No. 1, p. 66.)

Plaintiff claims a violation of his right of association with his minor children in violation of the Fifth Amendment, First Amendment and Due Process Clause of the Fourteenth Amendment.  Plaintiff asserts causes of action for "deliberate indifference," "cruel and unusual punishment," deprivation of parental rights, and violation of federal and state law.

## III.   **Deficiencies of Complaint**

### A.  **Rule 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are

not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint does not set forth a short and plain statement of his claims.

Plaintiff's allegations against the defendants are disjointed and not in chronological order.

Plaintiff also has not provided the Court with the basic facts underlying his claim, including, but

not limited to, how long he was incarcerated at the Merced County Jail, the ages of his minor

children, and when, or if, his children attempted to visit him while in jail.

**B.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be
> subjected, any citizen of the United States ... to the deprivation of any rights,
> privileges, or immunities secured by the Constitution ... shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions

of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

right, within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts, or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

In his complaint, Plaintiff fails to identify and clearly link multiple defendants to the

causes of action alleged.  Plaintiff must link each named defendant with some affirmative act or

omission that demonstrates a violation of Plaintiff's rights.

**C.  First Amendment Rights**

Plaintiff contends that the denial of visits by his minor children violated his First

Amendment right of association.  The United States Supreme Court has found that freedom of

association is among the rights least compatible with incarceration. See Overton v. Bazzetta, 539

U.S. 126, 131, 123 S.Ct. 2162, 2167 (2003) (upholding prison regulations placing limitations on visits with children, including requiring children to be accompanied by a family member or legal guardian).  "Some curtailment of that freedom must be expected in the prison context."  Id.

Regulations that curtail the right to freedom of association by restricting family visiting privileges are not necessarily unconstitutional.  Cf. Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010) (prisoner's right to receive visits from his children is not a clearly established constitutional right).  Indeed, "there is no constitutional right to 'access to a particular visitor.'" Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (quoting Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 461, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989) (holding that "denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause")).  A denial of visits by a particular visitor, or a temporary denial of all visitation, does not raise the same constitutional concerns as withdrawal of all visitation privileges for a protracted period. Dunn, 621 F.3d at 1203-05; Overton, 359 U.S. at 137, 123 S.Ct. at 2170 ("If the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations").

Here, Plaintiff has not alleged sufficient facts to state a cognizable First Amendment claim based on a denial of visitation.  It is unclear whether Plaintiff was denied all visitation, whether Plaintiff was entitled to visitation rights with his minor children, whether any of his minor children attempted to visit or if any reasons were given for any denial of visitation with his minor children.  Plaintiff also does not identify who was responsible for the decision, if any, to deny him visitation.  Accordingly, Plaintiff fails to state First Amendment claim.

### D.  Due Process: Denial of Visitation

The Due Process Clause protects prisoners from deprivation of life, liberty or property without due process of law.  Thompson, 490 U.S. at 461 ("denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause").  Neither federal nor state

law has created a protected interest in visitation.  See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir.1994) (per curiam) (holding that prisoners have no constitutional right to contact visitation); Thompson, 490 U.S. at 461; Egberto v. McDaniel, 2011 WL 1233358, *9 (D. Nev. Mar. 28, 2011) ("law is clear that inmates do not have a right to visitation under the Due Process Clause of the Fourteenth Amendment") (citing Thompson, 490 U.S. at 461.)  Accordingly, Plaintiff has no liberty interest in visitation with his minor children, and he cannot state a due process claim.

### E.  Cruel and Unusual Punishment

Plaintiff has alleged that denying him visits with his children constitutes cruel and unusual punishment.  A rule or regulation imposing restrictions regarding who may visit does not constitute cruel and unusual punishment.  Overton, 539 U.S. at 136 (two-year restriction on visitation for certain inmates did not rise to the level of cruel and unusual punishment); Edwards v. Carey, 2008 WL 59155, *10 (E.D. Cal. Jan. 3, 2008) (application of family visiting regulation did not constitute cruel and unusual punishment).  Accordingly, Plaintiff cannot state a cognizable claim for cruel and unusual punishment.

### F.  State Court Orders

To the extent that Plaintiff is complaining about Defendants' purported failure to abide by a State Court order or orders, this Court lacks jurisdiction to enforce an order of the state court.

### III.  Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file a first amended complaint to the extent that he is able.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what the named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level. . . .”  Twombly, 550 U.S. at 555 (citations omitted).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  Therefore, Plaintiff’s first amended complaint must be “complete in itself without reference to the prior or superseded pleading.”  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk’s Office shall send Plaintiff a complaint form;

2.      Plaintiff’s complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4.      If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 7, 2013**                      /s/ Barbara A. McAuliffe
                                                  UNITED STATES MAGISTRATE JUDGE