# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. WHITE,<br><br>          Plaintiff,<br><br>     v.<br><br>MARK N. PAZIN, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:12-cv-00917-BAM (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br>(ECF No. 12) |

I.     <u>Screening Requirement and Standard</u>

Plaintiff James E. White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 6, 2012. On October 7, 2013, the Court dismissed Plaintiff's complaint for failure to state a claim and granted Plaintiff leave to amend. Plaintiff's first amended complaint, filed on December 2, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

1

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   **Plaintiff's Complaint**

### A.   **Summary of Allegations in First Amended Complaint**

Plaintiff is currently housed at Corcoran State Prison. The events alleged in Plaintiff's complaint occurred while he was a pre-trial detainee housed in the Merced County Jail from March 12, 2007 until September 1, 2011. Plaintiff names the following Defendants: (1) Mark N. Pazin, Sheriff; (2) Merced County Sheriff's Administration; (3) Under Sheriff Blake; (4) Under Sheriff Tom Cavallero; (5) Commander Joe Scott, Merced County Jail; (6) Commander Thoreson, Merced County Jail; and (7) Sergeant Blodgett, Merced County Sheriff's Department.

Plaintiff alleges as follows: On March 12, 2007, Plaintiff was arrested and detained in the Merced County Jail. Approximately five months later, Plaintiff learned that he would not be able to visit with his minor children under the age of 12 years.

On May 20, 2008, Sergeant Moore, a non-party, allegedly violated Plaintiff's due process rights by removing his visiting rights without a rules violation hearing. On May 20, 2008,

Sergeant Kidd, a non-party, allegedly violated Plaintiff's due process rights by removing his visitation rights without a rules violation hearing.

On June 8, 2008, Plaintiff filed the equivalent of a grievance form questioning the removal of his rights.  On June 11, 2008, Sergeant Taylor, a non-party, responded to the grievance.  In the response, Sergeant Taylor stated that there was a minor infraction that should not have led to the removal of Plaintiff's visiting privileges.

On January 26, 2009, Plaintiff received an order from the Merced County Superior Court to receive visits from his minor children, ages ten and three.  A visit was never given and possibly denied on February 10, 2009, by Sergeant Johann, for a stated rules violation.

On July 20, 2010, Plaintiff submitted a grievance regarding the continued violation of his visiting rights.  Officer Lingenfelter, a non-party, received the form, but did not forward it.

On August 18 and August 27, 2010, Plaintiff filed a writ of habeas corpus regarding his right to family support.  On March 17, 2011, Plaintiff's writ was denied for failure to exhaust administrative remedies.

On March 23, 2011, Plaintiff received a reply to one or all of his grievances concerning the court ordered visit.  Sergeant Lopez, a non-party, stated that Plaintiff should seek another court order to see his children.

On April 7, 2011, Plaintiff sent a grievance to Defendant Cavallero questioning the right of his minor children to visit and the policies being used to deny a detainee prisoner his right to be a father to his children.  Plaintiff did not receive a reply to this grievance.

On April 11, 2011, Plaintiff received another court order from the Merced County Superior Court to receive a visit from his minor children.

On May 11, 2011, Plaintiff received a memo from the desk of Defendant Pazin, authored by Sergeant Lopez, stating that the court order for visitation might not be adhered to because of a Merced County Jail rule that prohibited children under the age of 12.

On May 12, 2011, Defendant Blodgett, Sergeant Lopez and Defendant Pazin, denied Plaintiff's minor children the visit authorized and ordered by the Court.  Plaintiff claims that the denial of visitation was a denial of his constitutional rights of association and privacy.

1    Plaintiff alleges that the stated reason for the denial was the safety and security of the

2    institution and the safety of the children.  Plaintiff reports that the Merced County Jail does not

3    allow contact visits of any kind and all visits are behind glass partitions.

4    Plaintiff claims a violation of the First, Fifth, Eighth and Fourteenth Amendments.  He

5    seeks declaratory and injunctive relief and damages.

6    **III.    Discussion**

7    **A.  First Amendment Rights**

8    Plaintiff contends that the denial of visits by his minor children violated his First

9    Amendment right of association.  The United States Supreme Court has found that freedom of

10   association is among the rights least compatible with incarceration.  See Overton v. Bazzetta, 539

11   U.S. 126, 131, 123 S.Ct. 2162, 2167 (2003) (upholding prison regulations placing limitations on

12   visits with children, including requiring children to be accompanied by a family member or legal

13   guardian).  "Some curtailment of that freedom must be expected in the prison context."  Id.

14   Regulations that curtail the right to freedom of association by restricting family visiting

15   privileges are not necessarily unconstitutional.  Cf. Dunn v. Castro, 621 F.3d 1196, 1201 (9th

16   Cir. 2010) (prisoner's right to receive visits from his children is not a clearly established

17   constitutional right).  Indeed, "there is no constitutional right to 'access to a particular visitor.'"

18   Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir.1996) (quoting Kentucky Dep't of Corr. v.

19   Thompson, 490 U.S. 454, 461, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989) (holding that

20   "denial of prison access to a particular visitor is well within the terms of confinement ordinarily

21   contemplated by a prison sentence, and therefore is not independently protected by the Due

22   Process Clause")). A denial of visits by a particular visitor, or a temporary denial of all visitation,

23   does not raise the same constitutional concerns as withdrawal of all visitation privileges for a

24   protracted period. Dunn, 621 F.3d at 1203-05; Overton, 359 U.S. at 137, 123 S.Ct. at 2170 ("If

25   the withdrawal of all visitation privileges were permanent or for a much longer period, or if it

26   were applied in an arbitrary manner to a particular inmate, the case would present different

27   considerations").

28

1        Here, Plaintiff has not alleged sufficient facts to state a cognizable First Amendment

2 claim based on a denial of visitation.  Plaintiff does not claim that he was permanently denied

3 visiting privileges that were available to all pre-trial detainees or that such visiting privileges

4 were withdrawn for an extended period of time.  Dunn, 621 F.3d at 1203-05; Overton, 359 U.S.

5 at 137, 123 S.Ct. at 2170.  Rather, Plaintiff claims denial of visitation specifically with his minor

6 children under the age of 12 years.  Plaintiff does not have a clearly established constitutional

7 right to receive visits from his children.  Dunn, 621 F.3d at 1201.  According to exhibits attached

8 to the first amended complaint, jail policy generally prohibited visits with children under the age

9 of 12 years.  There is no indication that this jail policy was applied selectively to Plaintiff.

10 Overton, 359 U.S. at 137, 123 S.Ct. at 2170.

11     **B.  Due Process: Denial of Visitation**

12        The Due Process Clause protects prisoners from deprivation of life, liberty or property

13 without due process of law.  This protection does not extend to access to particular visitors.

14 Thompson, 490 U.S. at 461 ("denial of prison access to a particular visitor is well within the

15 terms of confinement ordinarily contemplated by a prison sentence, and therefore is not

16 independently protected by the Due Process Clause").  Neither federal nor state law has created a

17 protected interest in visitation.  See Barnett v. Centoni, 31 F.3d 813, 817 (9th Cir.1994) (per

18 curiam) (holding that prisoners have no constitutional right to contact visitation); Thompson, 490

19 U.S. at 461; Egberto v. McDaniel, 2011 WL 1233358, *9 (D. Nev. Mar. 28, 2011) ("law is clear

20 that inmates do not have a right to visitation under the Due Process Clause of the Fourteenth

21 Amendment") (citing Thompson, 490 U.S. at 461.)  Accordingly, Plaintiff has no liberty interest

22 in visitation with his minor children, and he cannot state a due process claim.

23     **C.  Cruel and Unusual Punishment**

24        Plaintiff has alleged that denying him visits with his children constitutes cruel and

25 unusual punishment.  A rule or regulation imposing restrictions regarding who may visit does not

26 constitute cruel and unusual punishment.  Overton, 539 U.S. at 136 (two-year restriction on

27 visitation for certain inmates did not rise to the level of cruel and unusual punishment); Edwards

28 v. Carey, 2008 WL 59155, *10 (E.D. Cal. Jan. 3, 2008) (application of family visiting regulation

did not constitute cruel and unusual punishment).  Accordingly, Plaintiff cannot state a cognizable claim for cruel and unusual punishment.

### III.    Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  Despite being provided with the standards applicable to his claims, Plaintiff has been unable to cure the deficiencies identified by the Court and further leave to amend shall not be granted.   Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that Plaintiff's first amended complaint is dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

This terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   **December 5, 2013**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE