UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. WHITE,<br><br>        Plaintiff,<br><br>    v.<br><br>MARK N. PAZIN, et al.,<br><br>        Defendants. | Case No.  1:12-cv-00917-AWI-BAM (PC)<br><br>ORDER OVERRULING OBJECTIONS TO REQUEST FOR REIMBURSEMENT BY USM<br><br>(ECF No. 32) |

**I.     Introduction**

Plaintiff James E. White ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 6, 2014, the Court found service of the first amended complaint against Defendants Blake, Blodgett, Cavallero, Pazin, Scott, Thoreson, and the Merced County Sheriff's Department Administration, was appropriate. (ECF No. 23.) The Court directed Plaintiff to submit the information necessary for the United States Marshal to serve process on Defendants. Id. Plaintiff indicated that all Defendants could be served at the Merced County Jail.

On December 2, 2014, the Court then directed service of the first amended complaint by the Marshal using the information Plaintiff provided. (ECF No. 25.) The Court directed the Marshall to effect personal service of process on each Defendant who failed to return a waiver within sixty days. (Id. at ¶ 4.)

1

Receiving no waivers or other responses by mail, the Marshal attempted personal service on the Defendants at the Merced County Jail. Thereafter, the Marshal submitted a "Process Receipt and Return" form for each Defendant, indicating that a receptionist accepted service for all Defendants, on June 2, 2015. (ECF No. 28.) The Marshal then requested reimbursement for the associated expenses. (ECF No. 29.)

On June 24, 2015, Defendants filed the instant objections to the request for reimbursement, and submitted a declaration in support. (ECF No. 31.) The declaration is made by the Chief Civil Litigator for the County of Merced, Office of the County Counsel, attorneys for Defendants. (ECF No. 31-1.) Counsel declares that on June 8, 2015, he informed the Marshal Service that four of the Defendants (Blake, Thoreson, Pazin and Scott) were retired from their employment at the County, and thus personal service was not effective on them when it was made at the Merced County Jail. Counsel declares that the representative of the Marshal responded that he disagreed with counsel's assessment, and that service was good. (Id. at ¶ 3.)

Defendants now contend that personal service was not effected on these four individual Defendants, but they do not intend to bring any motion to dismiss for insufficient service of process. Instead, counsel declares that, as a professional courtesy, he and his staff spoke with Defendants Blake, Thoreson, Pazin, and Scott to obtain their consent to appear for them in this action.[1]

However, Defendants nevertheless object to reimbursing the Marshal for the expenses for serving these four individual Defendants. They contend that the County had good cause to decline to accept service for them since they are former employees, and thus reimbursement should not be ordered.

///
///
///
///

---

[1] On June 23, 2015, a motion to dismiss was filed by the Deputy County Counsel, for all Defendants. (ECF No. 30.)

**I.      Standards**

Federal Rule of Civil Procedure 4(e) provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under California Law, a summons may be served by personal delivery of a copy of the summons and complaint. Cal. Code Civ. Proc. § 415.10. Personal delivery can be made by leaving a copy of the summons and complaint at the person's office or usual mailing address with the person who is apparently in charge thereof, followed by mailing a copy of the summons and complaint. Cal. Code Civ. Proc. § 415.20.

**III.     Discussion**

Defendants Blake, Thoreson, Pazin, and Scott no longer worked at the Merced County Jail when the Marshal delivered the summons and amended complaint to the Merced County Jail. However, instead of rejecting the summons and amended complaint for those parties, so that the Marshal could return them as unexecuted on that basis, service was accepted. Following this, although counsel contacted the Marshal to advise of the fact that these Defendants were not currently working at the jail, counsel did not return the summons and amended complaint for those Defendants to the Marshal. Instead, counsel obtained authority from each of those Defendants to appear on behalf of them. This appearance has not been limited in nature, such as for the purpose of raising a motion on the grounds of insufficient service of process. Counsel has in fact declared that, permission having been obtained for representation, "the need for defense motions regarding service was rendered moot." (ECF No. 31-1 ¶ 7.)

3

Thus, it appears that for the purposes of this case, the County Counsel is acting as Defendants' agent, and has acted as though authorized to accept service on their behalf, whether they are currently employed at the Merced County Jail or not. Counsel declares that these actions were also taken in good faith and with due regard and as a courtesy to the Court and the Marshal. Certainly, professionalism by counsel is much appreciated by the Court. Nevertheless, if service is not properly effected using the information provided by a plaintiff, courts will apply the Rules of Civil Procedure and employ the necessary procedures to effect service. See Spence v. Stambaugh, No. 2:14-cv-1170-WBS-AC-P, 2016 WL 2892571, at *3 (E.D. Cal. May 18, 2016) (vacating order to defendants to reimburse the U.S. Marshal for attempts to effect personal service at Sherriff's Department when defendants were no longer employed there, and seeking additional information from plaintiff); see also Avery v. Allamby, No. 13-cv-3169-BTM-DHB, 2015 WL 710695, at *2 (S.D. Cal. Feb. 17, 2015) (directing counsel to provide Marshal with confidential memorandum indicating forwarding address of retired employee for service purposes). The objections to reimbursement of the Marshal for expenses incurred for service are overruled.

**IV.     Conclusion and Order**

For these reasons, the Court HEREBY ORDERS that Defendants' objections to the U.S. Marshal Service's request for reimbursement (ECF No. 31) are overruled.

IT IS SO ORDERED.

   Dated:   **October 31, 2016**              /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE